Dover Davis Jr.
P. O. Box 1788
Montclair, NJ. 07042
201.589.3145
_____X

Dover Davis Jr.
      Plaintiff

                                 **Superior Court of New Jersey**
                                 **Law Division Monmouth County**
v.                                    **Docket No. L-1646-13**
                             **District Court Docket No. 13-cv-4616**

Charles Rossell, Michael Ahart
The City of Long Branch and
The Long Branch Police Department
      Defendants
_____X

---

# AMENDED CIVIL COMPLAINT

---



Dover Davis Jr.
P. O. Box 1788
Montclair, NJ. 07042
201.589.3145

_____X

Dover Davis Jr.
    Plaintiff

v.

Charles Rossell, Officer Michael Ahart,
The City of Long Branch and
The Long Branch Police Department
    Defendants
_____X

**Superior Court of New Jersey**
**Law Division Monmouth County**
Docket No. L-1646-13
District Court Docket No. 13-cv-4616

**CIVIL ACTION**
**AMENDED COMPLAINT**

Plaintiff, Dover Davis Jr. comes now and states the following:

1. On January 2, 2012, Charles Rossell and Officer Michael Ahart and the Long Branch Police Department, Defendants, wrongfully dispossessed plaintiff from his residence at 199 Branchport Avenue, Long branch NJ. The referenced officer was summoned to the property by the plaintiff as a result of him being wrongfully locked out of his rental unit by his landlord, Mr. Charles Rossell, P.O Box 128, Cabot, VT 05647 but who also resided at 199 Branchport Avenue.

2. Mr. Rossell changed the locks to the residence and advised the plaintiff that he could not have access to the same. Rossell did this notwithstanding the fact there is no self-help right to eviction in New Jersey by a landlord as regards to an illegal residential tenancy, especially for an illegal rooming house. Rossell justified his behavior based on misinformation received from Attorney John Brennan. Brennan knew Rossell's house was illegal. Rossell locked the plaintiff out on January 2, 2012 but the letter was dated December 2011. Rossell even advertised his illegal rooming house.(See exhibits "A", E-5" & "G")

3. Mr. Rossell committed this act notwithstanding the fact that the plaintiff was current with all rent but withheld payment of the same directly to him and instead deposited the money with the Superior Court of New Jersey, Monmouth County Vicinage, Special Civil Part, Freehold, NJ. , pursuant to a request by Mr. Davis for a

1

Marini hearing due to the plaintiff alleging defects in the subject premises effectively, his safety and health. (See exhibit "B")

4. Indeed, a tenancy hearing was scheduled on January 12, 2012 in the Monmouth County Special Civil Part as regards to the plaintiff's Marini claims and the claim of Mr. Rossell as regards to nonpayment of rent which had been deposited by the plaintiff in the trust account of the Superior Court.

5. After the Long Branch police officers, Ki-Jung Kim and Todd Coleman arrived at the premises, they advised Mr. Rossell that he had to let the plaintiff back into his rented unit and that he could not "lock" the plaintiff out. However, after the arrival of Officer Michael Ahart, the police department's position was changed and the plaintiff was caused to leave the premises. As such, not only was he separated and dispossessed from his rental unit but he was also separated and dispossessed from all of his personal property, including his pain medication, except for what little personal property he was allowed to take with him under the supervision of armed police officers who, again, instructed him to immediately leave the premises. The plaintiff was a disabled citizen undergoing therapy. (See exhibit "A-4")

6. The plaintiff's misery was further compounded by the actions of a desk sergeant at the police headquarters who telephoned the Fort Monmouth Homeless Shelter in Eatontown, NJ. and advised the shelter that the plaintiff, who lawfully owned a handgun that was taken from him by the police officers after he disclosed ownership and the presence of the same in his rental unit and that he had been removed from his unit at 199 Branchport Avenue. The desk sergeant further advised the shelter that the plaintiff possibly had some money. As a further result of the desk sergeant's representations, the homeless shelter refused to take the plaintiff in so he was then caused to take public transportation to Newark and then to New York City to the Port Authority Bus Terminal whereat he was caused to sleep in a chair and the floor for the balance of the evening.

7. The plaintiff, on January 3, 2012 the next morning, took public transportation from New York City to the Superior court in Freehold, NJ whereat he waited for and received an order from an astonished Superior Court to be given immediate possession of his rental unit for this wrongful removal. (See exhibit "C")

2

8. In any event, all of the actions of Mr. Rossell were facilitated by Officer Michael Ahart and the Long Branch police department and they were responsible for the emotional distress and other harm caused to the plaintiff in violation of all applicable laws governing self-help removal as regards to residential tenancies and further as regards to violations of his civil rights under both federal and state law, including the State's Law against Discrimination, N.J.S.A 10:5-1.

9. The defendant, Rossell, in this action resides at 199 Branchport Avenue in Long Branch, NJ. in the County of Monmouth, State of New Jersey.

10. The defendant committed further acts. On January 31, 2012, the defendant, Rossell continued to harass and terrorize the plaintiff by illegally turning the electrical power off in his rental unit causing the plaintiff to experience shock and terror then storming up the staircase in a violent and loud manner. Mr. Rossell stated that he was there to change the window. Mr. Rossell proceeded to change a third floor window in the dark at approximately 8 p.m. The plaintiff called the police who made a report. (See exhibit "D")

11. Mr. Rossell committed further acts by filing unsubstantiated complaints against the plaintiff in Landlord/ tenant court that were all dismissed. The plaintiff who had been emotionally damaged by Rossell's behavior vacated the residence on April 13, 2012 after being taken to Landlord/tenent court without cause approximately five times including an illegal lockout. (See exhibits "E")

12. The defendant operated and illegal rooming house by using a false Certificate of Occupancy that he acquired illegally from the City of Long Branch. The State of New Jersey did not issue a Certificate of Occupancy to the defendant, Rossell. Rossell was found guilty of operating an illegal rooming at the same time he stated it was a grounds to evict the plaintiff. The City of Long Branch told Rossell that he could have one tenant, so Rossell tried to force the plaintiff out of his rental unit to avoid additional fines (See exhibit "F" and exhibit "E-5")

10. Plaintiff is entitled to relief from the defendant under the above facts.

11. The harm that occurred as a result of defendants' acts include: aggravation to the plaintiff's multiple physical injuries including his neck, back and nerve damage the defendant was fully aware of; loss of use of residence and personal property; emotional

and mental distress and endangerment to life and health after being ejected from his home into 10 degree weather without food or medication, being denied equal protection under the law and being denied assistance by a public entity to receive assistance by a public shelter.

Wherefore, plaintiff requests judgment against defendants for damages, together with costs of suit, and any other relief as the court may deem proper.

Dated ___OCT. 6, 2014___

Signature: _____

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. But there is a criminal case. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court and amended certification if there is a change in the facts stated in this original certification.

Dated: ___OCT. 6, 2014___

Signature: _____

Charles Rossell
199 Branchport Avenue
Long Branch, New Jersey 07740
(732) 533-9639
(802) 563-2556

Mr. Dover Davis

Dear Mr. Davis:

Due to your disruptive behavior and harassing and threatening comments to other members of my household and family, I am ejecting you from my home at 199 Branchport Avenue, Long Branch, effective immediately.

Enclosed is an official legal opinion explaining my right to take this action.

As to your belongings, I demand that you take the necessary steps to remove them en masse forthwith. Please call me to schedule the removal. You will not be granted entry without prior appointment with me. If your personalty is not removed within 30 days, I will fairly consider it abandoned by you and will have it disposed of.

Sincerely,

Charles Rossell

enclosure

"A"



# John P. Brennan, Jr.
### Attorney at Law
### Avon Professional Building
43 Main Street, Suite 1B
Avon-by-the-Sea, New Jersey 07717
p. 732.974.9234
f. 732.974.1397
e. johnpbrennan@optonline.net

" A "

December 2011

To Whom It May Concern

Re:     Rossell, Charles & Deborah to Dover Davis
        199 Branchport Avenue, Long Branch

Dear Sir/Madam:

This is an official legal opinion on the question of whether Dover Davis, who rents a semi-furnished room in a house owned by Charles and Deborah Rossell at 199 Branchport Avenue, Long Branch has the protections of a tenant under the New Jersey Anti-Eviction Act, N.J.S.A. 2A:18-53. The law clearly and unmistakenly provides that he does not. McQueen v Brown, 175 N.J. 200 (2002).

The New Jersey Supreme Court held in McQueen v Brown, 175 N.J. 200 (2002) that occupants of rooms units in premises that are owner-occupied with not more than two rental units are expressly exempt from the good cause requirements of the Anti-Eviction Act, N.J.S.A. 2A:18-61.1(1). As the Appellate Division of the New Jersey Superior Court had explained and the McQueen Court agreed, "the Legislature enacted the owner-occupied exception to give small residential landlords "some control over the persons with whom [s]he lives'". Durruthy v Brunert, 228 N.J. Super. 199, (App. Div. 1988), certif. denied, 114 N.J. 482 (1989). Indeed, the "owner-occupier" exception does not even require an owner-occupier to permanently occupy or use the premises to qualify for the exception. It is sufficient that the owner occupy the premises for "some time'. McQueen v Brown, 342 N.J. Super. 120, 133 (App. Div. 2001) affirmed on same grounds 175 N.J. 200 (2002).

As Dover Davis rented a semi-furnished room from the Rossells in their family home at 199 Branchport Avenue, Long Branch, that does not contain more than two rental units and which is resided in by the Rossells on a regular basis, he does not have the benefit of the Anti-Eviction Act.

Since, Mr. Davis is not protected under the Anti-Eviction Act, he can be removed from occupancy by the owner-occupiers, the Rossells, by way of a self-help lock-out and the Rossells need not file any action in Superior Court, Landlord-Tenant Section. Sylia v Lichtenstein,, 1991 N.J. Super. LEXIS Unreported (App. Div.).

Upon the lock-out, the Rossells will become bailees of Mr. Davis' personal property. As such, they have an affirmative duty to exercise reasonable care in the safekeeping of the property and to permit the orderly turnover of the personalty to Mr. Davis as soon as is reasonably possible. <u>Parnell v General Accident</u>, 95 N.J. Super. 471 (App. Div. 1967). I suggest police presence to prevent a threat of a breach of peace.

If anyone has any questions concerning this matter, please feel free to contact me.

Sincerely,

John P. Brennan, Jr.

JPB:jb

: Date: 01/02/2012  -  Monday

| 1 Number | Time | Call Reason | Action | Priority Duplicate |
|---|---|---|---|---|

·204          1820      911 - LANDLORD/TENANT DISPUTE      SERVICE CALL          3
         Call Taker:   OBR810 - O'BRIEN, RICHARD
    Call Closed By:   PAG818 - PAGE, DANA 01/02/2012 2052
   all Modified By:   PAG818 - PAGE, DANA
  ocation/Address:    199 BRANCHPORT AVE
   arty Entered By:   01/02/2012 1850 PAG818 - PAGE, DANA
    Involved Party:   DAVIS, DOVER @ 199 BRANCHPORT AVE - LONG BRANCH CITY, NJ 07740
                      SSN:          DOB: 02/04/1960  Race: B  Sex: M
   arty Entered By:   01/02/2012 2051 PAG818 - PAGE, DANA
    Involved Party:                                  - LONG BRANCE CITY, NJ 07740
                      SSN:          DOB:         Race:   Sex:
              ID:     KIM327 - KIM, KI-JUNG
                      Disp-18:21:23          Arvd-18:24:08  Clrd-20:52:33
       Cleared By:    PAG818 - PAGE, DANA
  Location Change:    HQ [Modified: 01/02/20122014]
              ID:     COL289 - COLEMAN, TODD
                      Disp-18:21:25          Arvd-18:22:36  Clrd-20:50:06
       Arrived By:    PAG818 - PAGE, DANA
       Cleared By:    PAG818 - PAGE, DANA
  Location Change:    HQ [Modified: 01/02/20122014]
              ID:     AHA271 - AHART, MICHAEL
                      Disp-18:27:35          Arvd-18:27:37  Clrd-20:10:59
    Dispatched By:    PAG818 - PAGE, DANA
       Arrived By:    PAG818 - PAGE, DANA
       Cleared By:    AHA271 - AHART, MICHAEL
        Narrative:    01/02/2012 1823 O'BRIEN, RICHARD
                      landlord locked tennat out of apartment. tennat is unsure
                      why

        Narrative:    01/02/2012 1852 PAGE, DANA
                      Dover Davis 2-4-60/ neg papers

        Narrative:    01/02/2012 1959 O'BRIEN, RICHARD
                      327, 289 transporting davis to hq

        Narrative:    01/02/2012 2051 PAGE, DANA
                      Dover Davis Jr not allowed back into the apt until his court
                      date. Threats were made to the tenants amd they do not feel
                      comfortable with him living there

   Refer To Incident:      12-30-OF

: Date: 01/03/2012  -  Tuesday

| l Number | Time | Call Reason | Action | Priority | Duplicate |
|---|---|---|---|---|---|
| 334 | 1741 | Walk-In - EVICTION ISSUE | SERVICE CALL | 3 | |

| | |
|---|---|
| Call Taker: | PHI803 - PHILLIPS III, David |
| Location/Address: | [LBC 1262] HEADQUARTERS - 344 BROADWAY |
| Party Entered By: | 01/03/2012 1742 PHI803 - PHILLIPS III, David |
| Calling Party: | DAVIS, DOVER @ 199 BRANCHPORT AVE - LONG BRANCH CITY, NJ 07740 |
| | SSN:            DOB: 02/04/1960  Race: B   Sex: M |
| ID: | HOU296 - HOUSE, DAVID |
| | Disp-17:42:54   Enrt-17:44:10   Arvd-17:51:50   Clrd-18:57:38 |
| Arrived By: | PAG818 - PAGE, DANA |
| Cleared By: | MOR254 - MOREY, FRANK |
| Location Change: | 199 BRANCHPORT AVE [Modified: 01/03/20121751] |
| ID: | PAS234 - PASSANTINO, FRANK |
| | Disp-18:04:49               Arvd-18:04:52   Clrd-18:08:17 |
| Dispatched By: | PAG818 - PAGE, DANA |
| Arrived By: | PAG818 - PAGE, DANA |
| Cleared By: | PAG818 - PAGE, DANA |
| Location Change: | 199 BRANCHPORT AVE [Modified: 01/03/20121805] |
| Narrative: | 01/03/2012 1742 PHILLIPS III, David |
| | walk in |

Narrative:     01/03/2012 1752 PAGE, DANA
               Transporting Dover Davis Jr to 199 Branchport Ave. He has
               all his paperwork in order to get back into his apt

Narrative:     01/03/2012 1808 PAGE, DANA
               296 doing a sup to 12-30-OF

Narrative:     01/03/2012 1809 PAGE, DANA
               Dover Davis Jr back in the house without incident

# UNIVERSITY ORTHOPEDICS OF NEW YORK, PLLC

Steven Touliopoulos, M.D.
ORTHOPEDIC SURGEON
SPORTS MEDICINE
Board Certified

Charles A. DeMarco, M.D.
ORTHOPEDIC SURGEON
SPORTS MEDICINE
Board Certified

Barry Katzman, M.D.
ORTHOPEDIC SURGEON
HAND/MICROVASCULAR SURGERY
SPORTS MEDICINE
Board Certified

John Vlattas, M.D.
PHYSICAL MEDICINE &
REHABILITATION
Board Certified

Kioumars Moossazadeh, M.D.
PHYSICAL MEDICINE
& REHABILITATION
Board Certified

Erica Papachronos, D.P.M.
PODIATRY

Kenneth Vitale, M.D.
PHYSICAL MEDICINE &
REHABILITATION
Board Certified

Richard A. Gambardi, M.D.
FAAPM&R

A-4

**PATIENT:** DOVER DAVIS

**DATE:** July 17, 2012

**FOLLOW-UP VISIT:** The patient is a 53-year-old male who presents today for follow-up orthopedic evaluation. He was involved in a motor vehicle accident on 11/16/2005 injuring his cervical and lumbar spines, left shoulder, and bilateral elbows. Again, he came under the care of another physician who performed left shoulder arthroscopy on 01/27/2007 including debridement and chondroplasty. Despite this intervention, he continues to complain of significant pain in the left shoulder, and difficulty with overhead activities and repetitive activities. Although he is able to lift more than 10 pounds, he does experience progressive pain in the left shoulder when lifting or carrying objects weighing 10 or more pounds. He was involved in a motor vehicle accident on 08/20/2005. However, his left shoulder symptoms have significantly worsened following the accident of 11/16/2005. He complains of ongoing elbow pain especially in the inner aspect of his elbow and intermittent numbness and tingling to his bilateral hands with his left hand affected more than his right hand. He has been diagnosed with cubital tunnel syndrome/ulnar neuropathy. He also reports ongoing back pain with difficulty sitting for any prolonged period of time. He has been compliant with the use of his home TENS unit. Again, he has been prescribed tramadol for analgesia and carisoprodol as a muscle relaxant that he takes on a p.r.n. basis. He remains out of work as a taxi driver due to the injuries sustained in this accident. He has difficulty using his hands for activities that require fine dexterity due to his residual numbness and weakness. He has a prior history of motor vehicle accident on 10/24/2003 with injuries to his lumbar spine and right shoulder. However, the patient recovered from this accident and was able to return to work as well as athletic activities without restriction. During the workup following this accident, he had a CT scan of the cervical spine, which did not reveal any disc pathology, but that did reveal some posterior osteophytosis.

**PHYSICAL EXAMINATION:** The patient is alert and oriented x3 with stable vital signs. He ambulates again without a cane and without a brace. Left shoulder examination reveals tenderness along the anterior and lateral acromial areas. The impingement signs are positive as are the apprehension and relocation tests. Rotator cuff strength is diminished in all planes of motion. Forward flexion is 140 degrees, abduction is 145 degrees, external rotation is 45 degrees, and internal rotation is to L3. Bilateral elbow examination again reveals tenderness along the medial and lateral epicondyles. There is a positive Tinel's sign along the cubital tunnel. Grip strength is diminished bilaterally. Sensation is intact to the right hand. There is decreased sensation along the fourth and fifth digits of the left hand on today's examination.

**PLAN:** The treatment options were discussed with the patient. The patient has ongoing left shoulder pain and dysfunction and has been diagnosed with instability, rotator cuff pathology, and impingement syndrome. Revision left shoulder arthroscopy was discussed with the patient.

**Astoria**
23-18 31st Street, Suite 210
Astoria, N.Y. 11105
718-777-1885
Fax: 718-777-9613

**Manhattan**
155 Fifth Avenue, 2nd Floor
New York, NY 10010
212-924-6644
Fax: 212-924-9442

**Bronx**
1335 Westchester Avenue
Bronx, NY 10461
718-409-0050
Fax: 718-777-9613

```
F I L E D
JAN 3 2012
JAMES J. McGANN, J.S.C.
```

"C"

Form B- 1
SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, _Monmouth_ COUNTY
SPECIAL CIVIL PART

Plaintiff/Tenant
Dovez Dours
199'c

DOCKET NO. DC - _34-12_

vs

CIVIL ACTION

Defendant/Landlord
Chonles Rossell

ORDER TO SHOW CAUSE FOR RETURN TO
PREMISES WITH RESTRAINTS

This matter having been opened to the Court by the Plaintiff/Tenant, and it appearing from the attached Complaint that the Defendant/Landlord has wrongfully interfered with the plaintiff's possession of the premises rented by the plaintiff, and it appearing that the plaintiff is suffering immediate harm thereby, and the plaintiff having requested an Order (1) compelling Defendant/Landlord to restore Plaintiff/Tenant to possession of his/her personal belongings and to possession of the premises rented by the Plaintiff; (2) restraining the defendant and his agent(s) from interfering with the plaintiff's peaceable possession of said premises without due process by law; and (3) restraining the defendant and any agent(s) from using any self – help means to remove plaintiff and his/her personal possessions from the premises, and good cause appearing,

### DO NOT WRITE BELOW THIS LINE - FOR COURT USE ONLY

It is on this ___3___ day of _January_, 20 _12_,

ORDERED, that the Defendant/Landlord show cause before the undersigned Judge of the _Monmouth_ County Superior Court in _Freehold_, New Jersey on the _12_ day of _January_, 20_12_, at _1:30_ AM / PM or as soon thereafter as the matter may be heard, why the defendant should not be stopped from further interference with the plaintiff's possession/enjoyment of his/her apartment/house; and it is

ORDERED, that the Defendant/Landlord immediately restore the plaintiff and his/her personal property to possession of the premises rented from the defendant; and it is further

14

ORDERED, that the Defendant/Landlord and any agent(s) or employee(s) of the defendant are restrained from interfering with the plaintiff's peaceable possession of said premises without due process of law; and it is further

ORDERED, that the Defendant/Landlord and any agent(s) or employee(s) of the defendant are restrained from using any self-help means to remove the plaintiff and his/her possessions from the subject premises; and it is further

ORDERED, that the Defendant/Landlord shall file written opposition to the order to show cause, by way of an answer, answering affidavit or motion, and proof of service by _January 9_, 20 13. The original documents must be filed with the Clerk of the Special Civil Part in the county listed above. You must send a copy of your opposition papers directly to Judge _James J. McGann_ whose address is _Freehold_, New Jersey. You must also send a copy of your opposition papers to the Plaintiff/Tenant whose name and address appear on the verified complaint. A telephone call will not protect your rights; you must file and serve your opposition (with the fee if you file an answer) if you want the Court to hear your opposition to the relief the Plaintiff/Tenant is seeking, and it is further

ORDERED, that if the Defendant/Landlord does not file and serve opposition to this order to show cause, the application may be decided on the papers on the return date and relief may be granted by default; and it is further

ORDERED, that the defendant take notice that the plaintiff, named above, has filed a lawsuit against you in the Special Civil Part of the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis for this lawsuit. If you dispute this complaint, you, or your attorney, must file a written Answer to the complaint and proof of service within 35 days from the date of service of this order to show cause, not counting the day you received it. These documents must be filed with the Clerk of the Special Civil Part in the county listed above. Include the appropriate filing fee payable to the "Treasurer, State of New Jersey." You can find out the amount of the filing fee by calling the Clerk's Office. You must also send a copy of your Answer to the Plaintiff/Tenant whose name and address appear on the verified complaint. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment by default may be entered against you. Please note: Opposition to the order to show cause is not an Answer and you must file both.

15

If you do not file and serve an answer within 35 days of service of this Order, the court may enter a default against you for the relief the Plaintiff/Tenant demands. If the Plaintiff/Tenant seeks money damages, then the court may enter a judgment against you, and any interest accrued on the damage's amount and the costs of the lawsuit. If a money judgment is entered against you, a Special Civil Part Officer may seize your money, wages, or personal property to pay all or part of the judgment, and it is further

ORDERED, that the Defendant/Landlord may move to modify or dissolve this Order upon _____ day(s) written notice to the plaintiff; and it is further

ORDERED, that a copy of this Order to Show Cause, verified complaint and supporting certification submitted in support of this application shall be served by the Plaintiff/Tenant upon the Defendant/Landlord personally, or if such service cannot be made, by certified mail, return receipt requested, and regular mail, within __2__ days of the date of this Order, and provide proof of such service to the Court no later than three (3) days before the hearing date.

If you cannot afford an attorney, free legal advice may be available by contacting Legal Services at _____ If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at _____

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

DATE. _1/3/_____

_____
James J. McGann, J.S.C.                    J.S.C.

16

Case 3:13-cv-04616-PGS-DEA Document 39 Filed 09/07/14 Page 15 of 27 PageID: 292

For Date: 01/31/2012 - Tuesday

| Call Number | Time | Call Reason | Action | Priority | Duplicate |
|---|---|---|---|---|---|

2-3934  1832  911 - NON DEFINED OFFENSES  SERVICE CALL  3

```
          Call Taker:    GAN304 - Gant, Jennifer
     Call Closed By:    PAG818 - PAGE, DANA 01/31/2012.1857
   Call Modified By:    PAG818 - PAGE, DANA
   Location/Address:    199 BRANCHPORT AVE
   Party Entered By:    01/31/2012 1833 GAN304 - Gant, Jennifer
Calling/Inv. Party:    DAVIS, DOVER @ 199 BRANCHPORT AVE - LONG BRANCH CITY, NJ 07740
                       SSN:        DOB: 02/04/1960  Race: B  Sex: M
   Party Entered By:    01/31/2012 1856 PAG818 - PAGE, DANA
     Involved Party:                              - LONG BRANCH CITY, NJ 07740
                       SSN:        DOB:           Race:    Sex:
                 ID:    SCH195 - SCHULZ, MICHAEL
                       Disp-18:39:26            Arvd-18:48:51  Clrd-18:57:24
         Arrived By:    PAG818 - PAGE, DANA
         Cleared By:    PAG818 - PAGE, DANA
          Narrative:    01/31/2012 1833 Gant, Jennifer
                       caller dover davis called 911 to report his landlord shut
                       off his power

          Narrative:    01/31/2012 1857 PAGE, DANA
                       Dover was upset          was inside the house
                       replacing a window in the dark. He thought it was suspicious
```

## NOTICE TO QUIT

TO:   Dover Davis
      199 Branchport Avenue
      Long Branch, NJ 07740

1. **PRESENT LEASE.** You now occupy property located at 199 Branchport Avenue
Long Branch, NJ 07740

2. **WARNING.** Please read this NOTICE TO QUIT carefully.

3. **ACT COMPLAINED OF:** According to New Jersey law, you may be evicted for the
following reasons:

New Jersey statute, NJSA 2A:18-53 provides that any tenant of a tenancy in an owner-
occupied premises with not more than two rental units (a) where such a person holds over and
continues in possession of all or any part of the demised premises after the expiration of his term,
and after a demand made and written notice given by the landlord or his agent, for delivery of
possession thereof may be removed by the Superior Court, Law Division, Special Civil Part.

New Jersey statute, NJSA 2A:18-56 (b) requires 1 month notice to quit if the tenancy is a
month to month. New Jersey statute, NJSA 46:8-10 provides that if an original term of leasing
shall be for a period of one month or longer shall holdover or remain in possession of the
demised premises beyond the term of letting, the tenancy created shall be a month to month.

Your Lease was for the period 9/22/2010 and ending 9/22/2011. You have held over and
are now a month to month tenant.

4. **NOTICE TO QUIT AND DEMAND FOR POSSESSION.** Due to the foregoing, you must
QUIT AND VACATE the property at 199 Branchport Avenue, Long Branch, New Jersey on
April 30, 2012. Demand is hereby made that you deliver possession of the premises to the owner
on that date.

5. **NO FURTHER NOTICE.** If you fail to comply with this NOTICE TO QUIT, then a
Complaint for Possession will be filed against you without further notice to you.

Dated: March 9, 2011

_____
Charles Rossell, Owner
199 Branchport Avenue
Long Branch, NJ 07740

Original served personally
Duplicates sent certified mail
Duplicates sent regular mail

# TENANCY SUMMONS AND RETURN OF SERVICE (R. 6:2-1)

**Plaintiff or Plaintiff's Attorney Information:**

Name: _John P. Brennan JR._

Address: _43 Main Street Suite 1R_

_Avon by the Sea  NJ  07717_

Phone: _732 974 9234_

**Superior Court of New Jersey**
**Law Division, Special Civil Part**

_____County

_Charles Rossell_

_199 Branchport Ave, Long Branch NJ 07740_

Plaintiff(s)

Docket Number: LT - _1160-12_

(to be provided by the court)

**versus**

_Dover Davis_
_199 Branchport Ave Rm 202_

_Long Branch  NJ 07740_

Defendant (s)

**Civil Action**
**SUMMONS**
**LANDLORD/TENANT**

**Defendant Information:**

Name: _Dover Davis_

Address: _199 Branchport Ave  Rm 202_

_Long Branch  NJ 07740_

Phone: _____

☐ Nonpayment
☒ Other

**NOTICE TO TENANT: The purpose of the attached complaint is to permanently remove you and your belongings from the premises. If you want the court to hear your side of the case you must appear in court on this date and time:** _MAR - 9 2012_ at _9_ ☒ a.m. ☐ p.m., **or the court may rule against you. REPORT TO:** _____

If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at _____. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at _____

You may be eligible for housing assistance. To determine your eligibility, you must immediately contact the welfare agency in your county at _____ telephone number _____.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos si se comunica con Servicios Legales (Legal Services) al _____. Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio de Abogados (Bar Association) de su condado local al _____.

Es posible que pueda recibir asistencia con la vivienda si se comunica con la agencia de asistencia pública (welfare agency) de su condado al _____, telefono _____.

Si necesita un interprete o alguna acomodación para un impedimento físico, tiene que notificárselo inmediatamente al tribunal.

Date: _____

_Jamai ... Quailey_

**Clerk of the Special Civil Part**

9A. There is due, unpaid and owing from tenant(s) to plaintiff/landlord rent as follows:

$ _625.00_ base rent for _March_ (specify the week or (month))
$ _____ base rent for _____ (specify the week or month)
$ _____ base rent for _____ (specify the week or month)
$ _20.00_ late charge* for _March_ (specify the week or (month))
$ _____ late charge* for _____ (specify the week or month)
$ _____ late charge* for _____ (specify the week or month)
$ _____ attorney fees*
$ _____ other* (specify) _____

$ _645.00_ 0.00 TOTAL

* The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal, state and local law (including rent control and rent leveling) and by the lease.

9B. The date that the next rent is due is _04/01/2012_
(mm/dd/yyyy)

If this case is scheduled for trial before that date, the total amount you must pay to have this complaint dismissed is $ 0.00 _645.00_
(Total from line 9A)

If this case is scheduled for trial on or after that date, the total amount you must pay to have this complaint dismissed is $ _1270.00_
(Total from line 9A plus the amount of the next rent due )

These amounts do not include late fees or attorney fees for Section 8 and public housing tenants. Payment may be made to the landlord or the clerk of the court at any time before the trial date, but on the trial date payment must be made by 4:30 p.m. to get the case dismissed.

**CHECK PARAGRAPHS 10 AND 11 IF THE COMPLAINT IS FOR OTHER THAN OR IN ADDITION TO NON-PAYMENT OF RENT.  ATTACH ALL NOTICES TO CEASE AND NOTICES TO QUIT/DEMANDS FOR POSSESSION.**

10 __ Landlord seeks a judgment for possession for the additional or alternative reason(s) stated in the notices attached to this complaint.  STATE REASONS: _____

_____

_____

_____

(Attach additional sheets if necessary.)

11. __ The tenant(s) has (have) not surrendered possession of the premises and tenant(s) hold(s) over and continue(s) in possession without the consent of landlord.

WHEREFORE, plaintiff/landlord demands judgment for possession against the tenant(s) listed above, together with costs

DATED: _03/09/2012_ _____
(Signature of Filing Attorney or Landlord Pro Se)

Charles Rossell
(Printed or Typed Name of Attorney or Landlord Pro Se)

**9A.** There is due, unpaid and owing from tenant(s) to plaintiff/landlord rent as follows:

| $ | base rent for | _____ (specify the week or month) |
|---|---|---|
| $ | base rent for | _____ (specify the week or month) |
| $ | base rent for | _____ (specify the week or month) |
| $ | late charge* for | _____ (specify the week or month) |
| $ | late charge* for | _____ (specify the week or month) |
| $ | late charge* for | _____ (specify the week or month) |
| $ | attorney fees* | |
| $ | other* (specify) | _____ |

$ _____0.00__ **TOTAL**

* The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal, state and local law (including rent control and rent leveling) and by the lease.

**9B.** The date that the next rent is due is _____
                                                    (mm/dd/yyyy)

If this case is scheduled for trial before that date, the total amount you must pay to have this complaint dismissed is **$ 0.00** _____.
                                    (Total from line 9A)

If this case is scheduled for trial on or after that date, the total amount you must pay to have this complaint dismissed is **$** _____.
                                    (Total from line 9A plus the amount of the next rent due )

These amounts do not include late fees or attorney fees for Section 8 and public housing tenants. Payment may be made to the landlord or the clerk of the court at any time before the trial date, but on the trial date payment must be made by 4:30 p.m. to get the case dismissed.

**CHECK PARAGRAPHS 10 AND 11 IF THE COMPLAINT IS FOR OTHER THAN OR IN ADDITION TO NON-PAYMENT OF RENT. ATTACH ALL NOTICES TO CEASE AND NOTICES TO QUIT/DEMANDS FOR POSSESSION.**

10. X  Landlord seeks a judgment for possession for the additional or alternative reason(s) stated in the notices attached to this complaint. STATE REASONS: _The owner of this owner occupied Home personally served Dover Davis with a Notice to Quit and a Demand for possession with 3 months notice. Dover Davis continues to elegally occupy property at 199 Branchport Ave._
                                    (Attach additional sheets if necessary.)

11.  The (tenant(s) has (have)(not) surrendered possession of the premises and (tenant(s) hold(s) over and continue(s) in possession without the consent of landlord.

**WHEREFORE,** plaintiff/landlord demands judgment for possession against the tenant(s) listed above, together with costs

DATED: _2/17/2012_          _Charles Rossell_
                                    (Signature of Filing Attorney or Landlord Pro Se)

        _John P. Brennan JR. , Charles Rossell_
                                    (Printed or Typed Name of Attorney or Landlord Pro Se)

# LANDLORD VERIFICATION

1.. I certify that I am the (landlord) general partner of the partnership, or ___ authorized officer of a corporation or limited liability company that owns the premises in which tenant(s) reside(s).

2. I have read the verified complaint and the information contained in it is true and based on my personal knowledge.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action except (list exceptions or indicate none):
   _____

4. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: 2/17/2012         _Charlo. Rossell_____
                         (Signature of Landlord, Partner or Officer)

                         _Charlo. Rossell_____
                         (Printed Name of Landlord, Partner or Officer)

E-3

# TENANCY SUMMONS AND RETURN OF SERVICE (R. 6:2-1)

**Plaintiff or Plaintiff's Attorney Information:**

Name: _Chad g Rossell_

Address: _199 Branchport Ave_

_Long Branch NJ 07740_

Phone: _732 533 9639_

_Charles Rossell_

_____ **Plaintiff(s)**

versus

_Dover Davis_

_____ **Defendant (s)**

**Superior Court of New Jersey**
**Law Division, Special Civil Part**
_____**County**

_____

_____

_____

Docket Number: LT - _1604-12_
(to be provided by the court)

**Civil Action**
**SUMMONS**
**LANDLORD/TENANT**

**Defendant Information:**

Name: _Dover Davis_

Address: _199 Branchport Ave Rm 202_

_Long Branch NJ 07740_

Phone: _____

____Nonpayment
____Other

**NOTICE TO TENANT:** The purpose of the attached complaint is to permanently remove you and your belongings from the premises. If you want the court to hear your side of the case you must appear in court on this date and time: _3/30/12_ at _9_ ☐ a.m. ☐ p.m., or the court may rule against you. **REPORT TO:** _____

If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at _____. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at _____.

You may be eligible for housing assistance. To determine your eligibility, you must immediately contact the welfare agency in your county at _____, telephone number _____.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos si se comunica con Servicios Legales (Legal Services) al _____. Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio de Abogados (Bar Association) de su condado local al _____.

Es posible que pueda recibir asistencia con la vivienda si se comunica con la agencia de asistencia publica (welfare agency) de su condado al _____, telefono _____.

Si necesita un interprete o alguna acomodación para un impedimento fisico, tiene que notificárselo inmediatamente al tribunal.

Date: _____

_James C. Dwsley_

Clerk of the Special Civil Part

Revised 09/01/2010, CN 1082 (Landlord Tenant)

E-5

# John P. Brennan, Jr.

**Attorney at Law**
**Avon Professional Building**
**43 Main Street, Suite 1B**
**Avon-by-the-Sea, New Jersey 07717**
p. 732.974.9234
f. 732.974.1397
e. johnpbrennan@optonline.net

October 26, 2011

VIA HAND DELIVERY AND
REGULAR AND CERTIFIED MAIL

Dover Davis
199 Branchport Avenue
Long Branch, NJ 07740

Re:     Notice to Quit
        199 Branchport Avenue, Long Branch, NJ

Dear Mr. Davis:

I represent you landlord.  Enclosed is a Notice to Quit. It is self-explanatory.

Thank you for your assistance in this matter.

Sincerely,

John P. Brennan, Jr.

JPB:jb
enclosure



# NOTICE TO QUIT

TO:   Dover Davis
      199 Branchport Avenue
      Long Branch, NJ 07740

1. **PRESENT LEASE.** You now occupy property located at 199 Branchport Avenue Long Branch, NJ 07740

2. **WARNING.** Please read this NOTICE TO QUIT carefully.

3. **ACT COMPLAINED OF:** According to New Jersey law, you may be evicted for the following reasons:

New Jersey statute, NJSA 2A:18-61.1 (2)(g)(3) provides that an owner who seeks to correct an illegal occupancy because he has been cited by local or State housing inspectors or zoning officers and cannot do so feasibly without the removal of the occupant.

The owner of 199 Branchport Avenue, Long Branch, NJ has been cited by the Bureau of Rooming and Boarding House Standards for operating an illegal rooming house.

4. **NOTICE TO QUIT AND DEMAND FOR POSSESSION.** Due to the foregoing, you must QUIT AND VACATE the property at 199 Branchport Avenue, Long Branch, New Jersey on January 31, 2012. Demand is hereby made that you deliver possession of the premises to the owner on that date.

5. **NO FURTHER NOTICE.** If you fail to comply with this NOTICE TO QUIT, then a Complaint for Possession will be filed against you without further notice to you.

Dated: October 26, 2011

_____
Charles Rossell, Owner
199 Branchport Avenue
Long Branch, NJ 07740

Original served personally
Duplicates sent certified mail
Duplicates sent regular mail

# City of Long Branch Long Branch
## Code Enforcement
### 344 Broadway
### Long Branch NJ, 07740

Date: ___ 1   11   11 ___

## Court Disposition

**Property Address:** _____ 199 Branch port _____

**Initial Complaint:** __ Prohibited use Rooming House ___ NO CO

**Charge:** _____ 345 · 12 _____ . __ 262 · 25A

**Disposition:** _____ Fine 50$^{00}$ x 2 _____ Count 33$^{00}$ x 2

**Comments:**

PS.          complete

① STATE Bureau of Housing Inspection



**City of Long Branch**
**Office of the Fire Marshal**
344 Broadway
Long Branch, NJ 07740
phone: 732-671-5651, fax: 732-222-4493

## RESIDENTIAL CERTIFICATE OF OCCUPANCY

### RCO  2011-0143

This certifies that  199 Branchport Avenue     (apt. / unit #):                         Block: 353      Lot:  1

conforms to the Property Maintenance Code of the City of Long Branch, NJ and is approved for occupancy according to all regulations*

for  5        tenant(s):

| | | | |
|---|---|---|---|
| 1. | Charles Rossell | 2. | Brian Rossell |
| 3. | Joey Malarik | 4. | Dever Davis |
| 5. | Gregory E Puryear | 6. | |

☐  This Certificate is issued based on the issuance of a new construction Certificate of Occupancy under the NJ
Uniform Construction Code.

Issued To:

Charles and Deborah Rossell

_____
Inspector's Signature

3-3-11
Date Issued

### This Certificate of Occupancy shall apply only to the tenancy (and number of tenants) for which it is issued.

*The use of this property as a multiple family dwelling is subject to the exclusive determination of the City of Long Branch Zoning Department.
Issuance of this C.O. in no way permits any non-conforming use of this property. The C.O. inspection is based upon one or more of the
following applicable codes: 1) State of NJ Uniform Fire Code, N.J.A.C. 5:70; 2) Long Branch City Ordinances; 3) dOCA National Property
Maintenance Code; 4) Regulations for the Maintenance of Hotels and Multiple Dwellings, N.J.A.C. 5:10; 5) Regulations Governing Rooming and
Boarding Homes.





("G")

## Rooms Available Today

$125 - $200 per week Discounted Monthly Payments

In Long Branch

Shared Baths and Kitchen

Utilities Included

732-533-9639 or 802-563-2556

Charles or Brian



## Rooms Available Today

$125 - $200 per week Discounted Monthly Payments

In Long Branch

Shared Baths and Kitchen

Utilities Included

732-533-9639 or 802-563-2556

Charles or Brian

Dear Folks,

This letter is to clarify the questions you have.  Currently there is one room still available. It is $175/week or $600/month. One month's security is required and the lease can be written for any period of time from 1 week to 1 year.  The room is large and has a loft with lots of storage. ALL UTILITIES ARE INCLUDED  You will be sharing multiple bathrooms, a huge fully furnished kitchen and shared living spaces including a dining room and living room with 3 to 6 other  people, both male and female. There are all kinds of churches and houses of worship in the area.  There is parking on two side streets each one block away. There are two off-street parking spaces rented for $10/ week or $25/month; one is currently available on a first come first serve basis.  Rooms held with deposit prior to singing of lease deposit will be NON-REFUNDABLE.  We will not be accepting over payments of any kind. For any additional information call Charles @ 732-533-9639 or Brian @ 802-917-4216