**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DOVER DAVIS,

      Plaintiff,

v.

CHARLES ROSSELL, *et al.*,

      Defendants.

Civil Action No. 13-4616 (PGS) (DEA)

**MEMORANDUM OPINION & ORDER**

**ARPERT, Magistrate Judge.**

    This matter comes before the Court on a motion by Plaintiff to compel discovery and a motion by Plaintiff for the appointment of pro bono counsel. Turning first to Plaintiff's motion to compel, Plaintiff asserts that Defendants Charles Rossell ("Rossell") and Michael Ahart ("Ahart") have failed to adequately respond to Plaintiff's various requests for discovery. Specifically, with respect to Rossell, Plaintiff contends that Rossell (1) did not produce requested documents regarding a related state court landlord/tenant matter; (2) "did not answer questions," presumably interrogatories, "regarding State Licensed Certificate of Occupancy"; and (3) provided answers to interrogatories that were "evasive and incomplete."[1] ECF No. 83-1 at 1-2. Plaintiff also asserts, without appropriate factual or legal support, that the work product doctrine and attorney-client privilege do not apply to the materials requested from Rossell.

---

[1] Plaintiff did not elaborate further on which interrogatory answers were evasive/incomplete.

In response, Rossell states that he has produced 325 pages of responsive documents to Plaintiff, which, according a certification from Rossell's counsel, are all of the responsive documents in Rossell's custody and control.  Rossell further notes that the number of interrogatories initially served by Plaintiff exceeded the number permitted, and when Plaintiff failed to pare them down to the appropriate number, the Court ordered that Defendants provide answers only to the "first 25 interrogatories included in Plaintiff's First Set of Interrogatories as well as any interrogatories in his recent, supplemental interrogatories which were also included in his First Set."  ECF No. 75.  Rossell states that he provided answers to the interrogatories in accordance with the Court's Order and attaches these answers to his response to the instant motion.

With respect to Michael Ahart, Plaintiff asserts that Ahart (1) "did not identify all of the witnesses;" (2) "failed to produce…documents requested and failed to properly answer interrogatories;" and (3) failed to provide the name of the prosecutor from the night of the incident underlying the complaint. ECF No. 83-1.  Ahart, like Rossell, responds that he has provided answers to the interrogatories consistent with the Court's Order (he has included these answers with his response to this motion), and that he has produced the responsive documents that are in his custody and control.  He further states that he had no contact with a prosecutor on the evening in question and does not know the name of the person on duty that night.

Rule 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a discovery request. Fed. R. Civ. P. 37(a).  Ultimately, it is within the discretion of the Court to grant a motion to compel disclosure for good cause shown.  *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661 (3d Cir. 2003).  Here, Plaintiff has

failed to establish the requisite good cause.  As an initial matter, is axiomatic under Fed. R. Civ. P. 34 that a party is not required to produce documents that are not in its possession, custody, or control.  *See* Fed. R. Civ. P. 34(a)(1).  By all indications, Defendants have produced all of the responsive documents their possession, custody or control; the Rules do not permit Plaintiff anything further.  As to the allegedly incomplete interrogatory responses, Defendants have answered Plaintiff's interrogatories consistent with the Court's Order.  With respect to any other discovery that Plaintiff claims is deficient, Plaintiff's arguments are vague and, overall, he fails to support his arguments with specific references to the record of this case.  Finally, Plaintiff's assertions regarding the inapplicability of attorney client privilege and the work product doctrine are simply without merit.  Consequently, Plaintiff's motion to compel is denied.

Plaintiff has also moved for the appointment of pro bono counsel.  This is at least Plaintiff's third such application in this case.  In general, the Court weighs the following factors when considering whether to appoint pro bono counsel:

> (1) the claim has some merit;
> (2) the *pro se* party lacks the ability to present an effective case without an attorney;
> (3) the legal issues are complex or, if the ultimate legal issues are not complex, the pro se party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (4) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (5) the case is likely to turn on credibility determinations;
> (6) the case will require expert testimony; and
> (7) the party is unable to attain and afford counsel on his or her own behalf.

*Prudential Ins. Co. of Am. v. Dobson*, 2009 U.S. Dist. LEXIS 3133, at *3 (D.N.J. 2009); *see also Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 155, 158 (3d Cir. 1993).  The Court must also consider a litigant's "education, employment, prior

3

litigation experience, comprehension of language, and access to necessary resources" *Protameen Chemicals, Inc. v. Chincilla*, 2007 WL 174163, at *1 (D.N.J. 2007); *see also Parham*, 126 F.3d at 459; *Tabron*, 6 F.3d at 156.  Additionally, the Court recognizes that "the Third Circuit has emphasized that courts must analyze the merits of an applicant's claim before engaging in any further evaluation". *Id.*; *see also Tabron*, 6 F.3d at 155.  Pursuant to *Tabron*, "district courts have broad discretion to request an attorney to represent an indigent civil litigant" *Id.* at 153.  There is no right to counsel in a civil case. *Tabron*, 6 F.3d at 153-54; *see also Parham*, 126 F.3d at 456-57.

Plaintiff filed a Complaint against Defendants on July 31, 2013, and the Court assumes for the purposes of this application only that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim.  However, the Court finds that Plaintiff has not demonstrated the existence of special circumstances that would warrant the appointment of counsel as discussed in *Prudential Ins.* and *Tabron*.  Plaintiff contends that because he takes pain medication and a muscle relaxant, such exceptional circumstances exist to warrant the appointment of counsel.  Plaintiff has provided no medical evidence, however, that these two drugs impair him to such a level that he is unable to adequately represent himself in this matter.

Additionally, Plaintiff's allegations do not appear to be factually or legally complex, and Plaintiff is well-educated.  Furthermore, the denial of *pro bono* counsel at this juncture would not create any likelihood that Plaintiff would incur substantial prejudice or result in a violation of his due process rights.  As the Court has previously advised Plaintiff, the Court will assess Plaintiff's continued ability to present his case; and if the need for counsel should arise then the Court will appoint an attorney *sua sponte*.

The Court having reviewed Plaintiff's written submissions and considered the matter pursuant to Federal Rule of Civil Procedure 78;

**IT IS** on this 9th day of October, 2015,

**ORDERED** that Plaintiff's motion to compel [ECF No. 83] is DENIED, and it is further

**ORDERED** that Plaintiff's application for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915 [ECF No. 98] is DENIED without prejudice.

s/ *Douglas E. Arpert*
DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE